**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Charles Monroe Harris, Appellant.

Appellate Case No. 2012-212797

Appeal From Oconee County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2014-UP-160
Submitted February 1, 2014 – Filed April 2, 2014

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Zeigler*, 364 S.C. 94, 101, 610 S.E.2d 859, 863 (Ct. App. 2005) ("On appeal from the denial of a directed verdict in a criminal case, an

appellate court must view the evidence in the light most favorable to the State."); *id.* ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* at 102, 610 S.E.2d at 863 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *id.* ("On the other hand, a defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged."); *id.* ("The trial [court] should grant a directed verdict when the evidence merely raises a suspicion that the accused is guilty."); *id.* ("'Suspicion' implies a belief or opinion as to guilt based upon facts or circumstances which do not amount to proof."); *id.* at 102-03, 610 S.E.2d at 863 ("However, a trial [court] is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis."); *id.* at 103, 610 S.E.2d at 863 ("The appellate court may reverse the trial [court's] denial of a motion for a directed verdict only if there is no evidence to support the [trial court's] ruling."); S.C. Code Ann. § 16-15-342(A) (Supp. 2013) ("A person eighteen years of age or older commits the offense of criminal solicitation of a minor if he knowingly contacts or communicates with, or attempts to contact or communicate with, a person who is under the age of eighteen, or a person reasonably believed to be under the age of eighteen, for the purpose of or with the intent of persuading, inducing, enticing, or coercing the person to engage or participate in a sexual activity as defined in Section 16-15-375(5) or a violent crime as defined in Section 16-1-60, or with the intent to perform a sexual activity in the presence of the person under the age of eighteen, or person reasonably believed to be under the age of eighteen."); *State v. Gaines*, 380 S.C. 23, 32, 667 S.E.2d 728, 733 (2008) (holding a defendant's argument that criminal solicitation of a minor requires "some 'overt act' in furtherance of the criminal solicitation, such as travel to a destination, arrival with condoms, booking of hotel rooms, etc." to be without merit because "[t]he plain language of the statute imposes no such requirements").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.